10-1841-cv
Bavaro v. Astrue

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of March, two thousand eleven.

PRESENT: DENNIS JACOBS,
                    <u>Chief Judge</u>,
          PIERRE N. LEVAL,
          REENA RAGGI,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
BARBARA BAVARO,

        <u>Plaintiff-Appellant</u>,

        -v.-                                10-1841-cv

MICHAEL J. ASTRUE, Commissioner of
Social Security,

        <u>Defendant-Appellee</u>.

- - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**    DAVID J. SEEGER, Buffalo, NY.

1

**FOR APPELLEE:**     ANDREEA LECHLEITNER, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel, Social Security Administration, <u>of counsel</u>), for William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Telesca, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Plaintiff-Appellant Barbara Bavaro appeals from the judgment on the pleadings entered by the United States District Court for the Western District of New York (Telesca, <u>J.</u>), affirming the Commissioner's denial of her claim for Social Security disability benefits. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**[1]** Bavaro argues that the ten-pound lifting restriction recommended by her treating physician, Dr. Geraci, should have been controlling for the ALJ's disability determination.

"An ALJ who refuses to accord controlling weight to the medical opinion of a treating physician must consider various 'factors' to determine how much weight to give to the opinion." <u>Halloran v. Barnhart</u>, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam); <u>see</u> 20 C.F.R. § 404.1527(d)(2). The ALJ must also "give good reasons in [the] notice of determination or decision for the weight" accorded to the treating physician's opinion. <u>Id.</u>

As to Dr. Geraci's opinion, the ALJ failed to demonstrate consideration of the necessary factors and to provide good reasons for discounting it. We can nevertheless evaluate the treating physician's opinion ourselves through a searching review of the record. <u>See</u> <u>Halloran</u>, 362 F.3d at 31-32. "While the opinions of a treating physician deserve special respect, they need not be given controlling weight where they are contradicted by other substantial evidence in the record." <u>Veino v.</u>

Barnhart, 312 F.3d 578, 588 (2d Cir. 2002) (internal citations omitted).

First, Dr. Geraci did not treat Bavaro during the most relevant period. The amended onset date is April 2006, when she was laid off; Dr. Geraci last saw her in 2005.

Second, Dr. Geraci's assessment was contradicted by functional assessments by: [a] Marzullo, Bavaro's treating physical therapist, who found that Bavaro's "safe work capacity" included level lifting and floor lifting eighteen pounds; [b] Dr. Dina, who concluded that Bavaro had no functional limitations; [c] De Freitas, who determined that Bavaro could occasionally lift 20 pounds and frequently lift ten pounds; [d] Dr. Cox, who from the beginning thought that Bavaro had a good prognosis, and later noted that she responded favorably to therapy; and [e] Higgins, who concluded in two assessments years apart that Bavaro could occasionally lift 20 to 25 pounds and frequently lift ten pounds.

In any event, the restrictions themselves are of questionable value. They were imposed nearly three-and-a-half years prior to the alleged disability onset date, without explanation regarding their particulars, and Bavaro worked in the interval. Moreover, their source is correspondence from Dr. Geraci to Bavaro's employer, rather than treatment notes or medical records.

Remand for agency reconsideration is unnecessary where, as here, "application of the correct legal principles to the record could lead [only to the same] conclusion." Zabala v. Astrue, 595 F.3d 402, 409 (2d Cir. 2010) (brackets in original).

[2] The ALJ found that Bavaro was capable of performing several jobs. Bavaro challenges each as unsuitable; the Commissioner defends only the positions of photo counter clerk and small products assembler. The Commissioner has the burden in step five of the disability determination to prove that the claimant is capable of working. Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996). The Commissioner need show only one job existing in the national economy that Bavaro can perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1566(b).

At a minimum, substantial evidence supports the ALJ's finding that Bavaro can perform the photo counter clerk

position.  We decline Bavaro's invitation to take judicial notice of the decline of the photofinishing industry and deem the position infeasible for her.  A vocational expert testified to the existence of such jobs at the national and regional level.  The ALJ was entitled to credit that testimony, see 20 C.F.R. § 404.1566(e), and we will not disturb that finding based upon Bavaro's conclusory proclamations to the contrary.

Bavaro also challenges the transferability of her experience as a paint store clerk to the photo counter clerk position, based upon the numbering scheme of the Department of Labor's "Dictionary of Occupational Titles" (DOT) listings.  The argument ignores the critical metric for each job: the skill level.  Because the DOT lists the photo counter clerk position as unskilled, see Social Security Ruling 00-4p, 2000 SSR LEXIS 8; Certified Administrative Record at 201, it is viable for Ms. Bavaro whether or not any of her skills from her paint store position are transferable.  See Social Security Ruling 82-41, 1982 SSR LEXIS 34 ("[A] finding of 'not disabled' may be based on the ability to do unskilled work.").

[3]  Bavaro claims that a disability finding is warranted under the Medical-Vocational Guidelines ("the Grids").  See 20 C.F.R. pt. 404, subpt. P, app. 2.  The argument rests on her "treating physician" argument, because it hinges upon Dr. Geraci's ten-pound lifting restriction controlling the analysis (which would trigger application of the sedentary work Grid, see 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.01 et seq.).  As discussed, Dr. Geraci's opinion is not entitled to controlling weight; therefore, this argument is without merit.

We have considered Bavaro's remaining arguments on this appeal and have found them to be without merit.  For the foregoing reasons, the judgment of the District Court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4